**Susan Gray JOHNSON, Plaintiff,**

v.

**MINNESOTA MUTUAL LIFE INSURANCE COMPANY, and Does One Through Twenty, inclusive, Defendants.**

No. C–91–20815–RMW(EAI).

United States District Court, N.D. California.

July 28, 1992.

Robert D. Phillips, Robert R. Pohls, Bowles & Verna, Walnut Creek, Cal., for plaintiff.

Larry Peterson, Law Offices of Daniel Jensen, Santa Clara, Cal., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHYTE, District Judge.

Plaintiff Susan Gray Johnson filed this action for declaratory relief, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty against defendant Minnesota Mutual Life Insurance Company for failure to pay benefits under an "accidental death" insurance policy. Defendant has moved for summary judgment on the ground, *inter alia*, that there is no evidence that the insured (plaintiff's husband) died as the result of an accidental injury as required by the terms of the policy. This matter came on for hearing on July 24, 1992. After full consideration of the papers and arguments of counsel, the court finds that defendant is entitled to summary judgment on all claims.

## FACTS

Defendant issued a policy of insurance to plaintiff's husband, Paul Andrew Johnson, in March of 1984. The certificate provided that upon written proof that Mr. Johnson "died as the result of an accidental injury," defendant would pay an accidental death benefit to Saratoga Savings and Loan Association in the amount of the unpaid balance on Mr. Johnson's home mortgage. The certificate identified the trustee of the Financial Institution Group Insurance Trust as the policyholder and identified Mr. Johnson as the insured. Plaintiff contributed to the premium payments on the poli-

cy and is now the sole owner of the mortgaged home.

Plaintiff last saw and spoke to her husband, Mr. Johnson, at approximately 3:00 p.m. on Thursday, September 27, 1984, when she left their home to go to work. Before leaving, plaintiff asked Mr. Johnson to clean the garage. Mr. Johnson did not tell plaintiff how he planned to spend his time that afternoon. When plaintiff returned home from work that same day between 11:30 p.m. and 12:00 a.m., Mr. Johnson was not at home. Shortly thereafter, plaintiff went to bed. When she woke up at 5:00 a.m., Mr. Johnson was still not home.

Plaintiff became concerned about her husband and asked Mr. Johnson's family and friends where her husband might be. They were unable to provide any information. Plaintiff then hired a private investigator to locate her husband. The investigator was unsuccessful. Local, state and federal authorities attempted to locate Mr. Johnson, and were similarly unsuccessful.

More than five years later, plaintiff petitioned the Santa Clara County Superior Court to establish the fact of Mr. Johnson's death. In response to plaintiff's petition, the Superior Court entered an order establishing the death of her husband. Thereafter, a Death Certificate was filed with the California Department of Health Services to record the judicial determination that Paul Andrew Johnson died on September 27, 1984.

No other information about Mr. Johnson's disappearance has been discovered other than the fact that he was last seen at home on September 27, 1984. In addition, no person or body matching Mr. Johnson's physical description and dental records has ever been found.

## DISCUSSION

Fed.R.Civ.P. 56(c) provides that a court shall grant summary judgment where the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Moreover, the moving party must show that no reasonable trier of fact could find other than for the moving party. Schwarzer, *Summary Judgment Under the Federal Rules*, 99 F.R.D. 465, 487–88 (1984). All reasonable inferences from the evidence are to be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the "mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could *reasonably* find for [the opposing party]." *Id.* at 252, 106 S.Ct. at 2512. Here, defendant has met its burden of showing no genuine issue of material fact in dispute, and it is entitled to summary judgment.

### Claim for Declaratory Relief

■ Under California law, the claimant bears the initial burden of proving that her claim falls within the basic scope of coverage provided by the insuring agreement. *Royal Globe Ins. Co. v. Whitaker*, 181 Cal.App.3d 532, 537, 226 Cal.Rptr. 435 (1986). Where a policy provides for coverage in the event of accidental death, a claimant must also prove that the insured's death resulted from injuries of a kind against which the policy insured or that the cause of death was one covered by the contract. *See Ells v. Order of United Commercial Travelers of America*, 20 Cal.2d 290, 304, 125 P.2d 457 (1942); *Travellers' Ins. Co. v. McConkey*, 127 U.S. 661, 666, 8 S.Ct. 1360, 1362, 32 L.Ed. 308 (1988). Unless the claimant makes that proof, the insurer has no burden to prove that the insured's death was *not* caused by an accident. *Ells, supra.*

■ In this case, plaintiff seeks a declaration that defendant must pay the benefits provided for in the certificate of insurance. Before defendant is required to pay the benefits, however, plaintiff must present some affirmative evidence that Mr. Johnson "died as a result of an accidental injury," which the certificate defines as a death which "results directly and independently of all other causes from an accidental drowning or from an accidental injury which was unintended, unexpected, and unforeseen." Here, no such evidence exists.

The evidence merely shows that Mr. Johnson disappeared on September 27, 1984. There is no evidence to suggest what may have happened to Mr. Johnson, when, how or why he disappeared, if he is dead, or if he died as the result of an accidental injury. Since "there is no evidence in the record from which [a] jury may do other than speculate or guess as to the cause of [Mr. Johnson's] death," summary judgment is appropriate. *Brownlee v. Mutual Benefit Health & Accident Ass'n*, 29 F.2d 71, 72 (9th Cir.1928). This case, unlike *Brownlee*, presents no facts from which a jury could reasonably infer that the insured's death resulted from an accidental injury. Thus, there is no coverage under the policy. This court hereby grants defendant's motion for summary judgment on the claim for declaratory relief.

### Claims for Bad Faith and Breach of Fiduciary Duty

Plaintiff's claims for bad faith and breach of fiduciary duty are premised on defendant's obligation to pay benefits under the certificate of insurance. Given this court's finding of no coverage under the policy, these derivative claims must fail. This court hereby grants defendant's motion for summary judgment on the claims for bad faith and breach of fiduciary duty.